IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TOTAL PETROLEUM PUERTO RICO CORPORATION,

Plaintiff

v.

LUIS A. VALLE FIGUEROA, ALICIA FIGUEROA MERCADO,

Defendants

CIVIL 09-1573 (FAB) (JA)

OPINION AND ORDER STAYING PROCEEDINGS

I. Factual Background

Total Petroleum Puerto Rico Corporation filed a verified complaint on June 24, 2009 alleging violations of the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801-06, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, specifically 15 U.S.C. §§ 1114(1), 1125(a), (c), the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 and state law claims under Articles 1044, 1053, 1077, 1206, 1459 and 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 2994, 3017, 3052, 3371, 4066, and 5141. (Docket No. 1.) It also submitted exhibits in support of a motion for preliminary injunction (Docket No. 2.), and an urgent request for an order to show cause as to why plaintiff's request for injunctive relief should not be granted. (Docket No. 5.) Among the relief sought is included the immediate surrender to Total of possession of the sublet premises of the gasoline service station owned by Total, the underground storage tanks and all equipment for the

CIVIL 09-1573 (FAB) (JA)                    2

storage and sale of petroleum products located in the property.  It appears that the gasoline service station site once operated by the defendants located at Street No. 459, Km. 3.0, Corrales Ward, Municipality of Aguadilla, Puerto Rico is no longer being operated by the defendants and that they have refused to hand over the keys to the service station to Total.

On June 26, 2009, I scheduled a show cause hearing for July 21, 2009.  Unbeknownst to plaintiff, on July 8, 2009, Alicea Figueroa Mercado and her husband filed a Voluntary Bankruptcy Petition under Chapter 7 of the Bankruptcy Code.  (The co-defendants ended their business relationship with Total on May 22, 2009.)  The defendants did not appear at the show cause hearing.  Among the non-priority claims listed in the voluntary petition, the defendants listed the surrender of the service station (subject of the present action) and debt acknowledgment.  The specific notation states "commercial lease, was surrendered on 2/25/09."  Moreover Figueroa Mercado included the lease agreement between  herself, her husband and Total as an "Executory Contract and Unexpired Leases."  (Docket No. 15-2, at 22.)

On July 20, 2009, Total filed an "Urgent Motion Notifying Bankruptcy Petition filed by Co-defendant and Requesting Issuance of Preliminary Injunctive Relief and Turnover of Property Pursuant to Section 362(B)(10) of the Bankruptcy Code."  (Docket No. 15.)  It appears from the submissions of Total that the lease

CIVIL 09-1573 (FAB) (JA)                           3

agreement between the defendants and Total was terminated prior to the petition for bankruptcy being filed.  Notwithstanding the fact that the asset is listed in the schedule of executory contracts and unexpired leases, and the fact that the keys to the service station have not been handed over to Total as promised, the lease agreement should not be part of the bankruptcy estate if it has expired.  Total argues therefore that the filing of the bankruptcy petition does not stay the injunction proceedings precisely because the court is dealing with a pre-petition terminated non-residential lease.  Indeed, according to the representation of Total's counsel, the attorney for the bankrupt apparently agrees with the position that the lease is not part of the estate, and that therefore these proceedings are not stayed under section 362(b)(10) of the Bankruptcy Code.  Attempts to reach the bankruptcy trustee have been fruitless.

## II.  Analysis

The commencement of a bankruptcy case creates an estate.  See Collier on Bankruptcy § 541.02 (15th ed. Rev. 2005).  The property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1); see In re Burgess, 438 F.3d 493, 496 (5th Cir. 2006); In re Policy Realty Corp., 242 B.R. 121, 127 (S.D.N.Y. 1999). Title 11, United States Code, Section 541(b)(2) excludes "any interest of the debtor as a lessee under a lease of nonresidential real property" of the estate when

CIVIL 09-1573 (FAB) (JA)                                  4

terminated before the filing of the bankruptcy.  However, "[a]ll property interests of the debtor vest in the bankruptcy estate when the debtor files for bankruptcy. See 11 U.S.C. § 301; In re Álvarez, 224 F.3d 1273, 1277 (11th Cir. 2000). 'Property' has a broad meaning that encompasses 'everything of value the bankrupt may possess in alienable or leviable form when he files his petition.' Segal v. Rochelle, 382 U.S. 375, 379 (1966)." In re Bracewell, 454 F.3d 1234, 1249 (11th Cir. 2006).

      Notwithstanding the clearly defined argument of Total, the determination of whether the lease in question is a part of the bankruptcy estate is a decision to be first made by the bankruptcy trustee.  The bankruptcy court may in turn make a determination excluding the lease from the estate.  The law is clear. "Bankruptcy judges may here and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1); Alfonseca-Báez v. Doral Fin. Corp., 376 B.R. 70, 72 (D.P.R. 2007); see also In re Ontos, Inc., 478 F.3d 427, 33 (1st Cir.), cert. denied, 128 S. Ct. 166 (2007).  This court cannot violate the automatic reference and stay provisions even when the substantive bankruptcy law leaves no room for doubt, since the bankruptcy court is the correct forum for making the initial determination.  See

CIVIL 09-1573 (FAB) (JA)                    5

11 U.S.C. § 362(a); 28 U.S.C. § 1334(a). Since that court is tasked with "matters concerning the administration of the estate" as provided in 28 U.S.C. § 157(b)(2)(A), this court cannot grant injunctive relief regarding an asset which may fall within the administration of the estate until it is correctly excluded from the estate. The debtor in this case could have filed the lease agreement in the list of property claimed as exempt. 11 U.S.C. § 522(l). The defendant-debtor has listed apparel, a motor vehicle, a small bank account, and two residences in the exempt list. (See Docket No. 15-2, at 15, Schedule C-Property Claimed as Exempt.) "The property claimed as exempt on such list is not part of the estate unless a party in interest objects." Herrans v. Mender, 364 B.R. 463, 469 (D.P.R. 2007), aff'd, 524 F.3d 341 (2008) (citing 11 U.S.C. § 522(l)). That the lease agreement was not listed as exempt causes sufficient pause to reject the request for preliminary injunctive relief. Total's claim in the amount of $59,916.08 is listed as an unsecured nonpriority claim. (See Docket No. 15-2, at 20, Schedule F-Creditors Holding Unsecured Priority Claims.)

In view of the above, this case is stayed until such time if ever the bankruptcy court determines that the lease agreement in question falls outside the estate under 11 U.S.C. § 362(b)(10).

IT IS SO ORDERED.

At San Juan, Puerto Rico, this 27th day of July, 2009.

                                              S/ JUSTO ARENAS
                                 Chief United States Magistrate Judge